UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-12092 DPW

| | |
|---|---|
| MARIA ROSENTHAL & ANINA RASTEN,<br>Plaintiffs<br><br>v.<br><br>TOWN OF BROOKLINE, OFFICER<br>GREGORY GILLIS, OFFICER JOHN CANNEY,<br>OFFICER JOHN DEWAN, JR.,<br>FIREMAN CHRISTOPHER MERRICK,<br>JAMES COTTER, OFFICER JOHN DOE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STATEMENT OF REASONS OF THE DEFENDANT TOWN OF BROOKLINE
IN SUPPORT OF ITS MOTION TO DISMISS**

**FACTS**

On or about August 19, 2004, the Town Clerk of the Town of Brookline ["Town"] received a letter dated August 10, 2004, from Jefferson W. Boone on behalf of Maria Rosenthal and Anina Rasten. A true copy of the letter is attached hereto as Exhibit A. Mr. Boone wrote that the letter was "intended to comply with the provisions of the Massachusetts Tort Claims Act, M.G.L. c. 258, s. 4." The letter purported to set out claims against the Town of Brookline related to an incident that allegedly occurred on September 3, 2001. On August 31, 2004, the Plaintiffs, Rosenthal and Rasten, filed a lawsuit that alleges causes of action sounding in tort against the Town in Counts VI, VII, XIX, XX and XXII of the Complaint. Count XIX alleges a cause of action for libel. Count XXII alleges a non-specific cause of action for "municipal liability". Counts VI, VII and XX allege causes of action against the Town for negligence. Nowhere in the

Complaint do the plaintiffs allege that they have satisfied the presentment requirements of G.L. c. 258, s. 4. An executive officer of the Town has not denied the Plaintiffs' claims in writing.

## ARGUMENT

### I. The Plaintiffs Cannot Maintain Causes of Action against the Town under the Massachusetts Tort Claims Act because They Have Failed to Comply with the Statute's Presentment Requirements

The Massachusetts Tort Claims Act, G.L. c. 258, provides the exclusive remedy against a public employer for the negligent or wrongful acts or omissions of public employees while they are acting within the scope of their employment. See G.L. c. 258, s. 2. The town of Brookline is a public employer for purposes of the Tort Claims Act. See G.L. c. 258, s. 1. "A civil action shall not be instituted against a public employer on a claim for damages under [G.L. c. 258] unless the claimant shall have first presented his claim in writing to the executive officer of such public employer <u>within two years</u> of the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing...." G.L. c. 258, s.4 (emphasis added). The failure of the executive officer to deny a claim within <u>six months</u> after the date upon which the claim is presented shall be deemed a final denial of such claim. G.L. c. 258, s. 4 (emphasis added).

Presentment is a statutory condition precedent that the Plaintiff must affirmatively allege in the complaint. See <u>Vasys v. Metropolitan District Commission</u>, 387 Mass. 51, 55 (1982). The failure of the plaintiff to make presentment before the expiration of the statutory time period and the failure to affirmatively allege in the complaint the satisfaction of all conditions precedent to her right of action are grounds for dismissal

See id. at 55-56. The public employer need not show prejudice in order to rely on defective presentment as a ground for dismissal. See Weaver v. Commonwelath, 387 Mass. 43, 49 (1982).

In the instant case, the Plaintiffs' alleged causes of action against the Town must fail for two reasons. First, the Plaintiffs failed to make written presentment of their claims to an executive officer of the public employer within two years after their causes of action arose. Under the provisions of the Tort Claims Act, the Plaintiffs needed to make presentment by September 4, 2003. Second, even if the Plaintiffs' presentment letter was timely, they are barred from filing a lawsuit against the Town until February 20, 2005, or until an executive officer of the Town issues a written denial of the Plaintiffs' claims; whichever occurs first. Six months have not elapsed and the Town has not denied the Plaintiff's claim in writing.

**II.     The Town Is Not Liable to the Plaintiffs on their Claims for Slander or Libel**

The exclusive remedy against a Town for negligent and wrongful acts and omissions is found in G.L. c. 258, s. 4. The provisions of G.L. c. 258, ss. 1 through 8, however, do not apply to any claim arising out of an intentional tort, including libel and slander. See G.L. c. 258, s. 10(c). It appears from the Complaint that the Plaintiffs have made claims against the Town for libel and slander. Under the provisions of G.L. c. 258, s. 10(c), the Town of Brookline cannot be held liable for slander and liable.

## CONCLUSION

For all of the above reasons, Counts VI, VII, XIX, XX and XXII against the Town of Brookline must be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted,<br>DEFENDANT,<br>Town of Brookline<br>By its Attorneys,<br><br>*/s/ George F. Driscoll*<br>George F. Driscoll, Jr.<br>BBO #552565<br>Jennifer Dopazo<br>BBO # 632770<br>Office of Town Counsel<br>333 Washington Street<br>Brookline, MA  02445 |
| Dated: October 13, 2004 | (617) 730-2190 |

Jefferson W. Boone
Phillip M. Henkoff (1960-1991)

LAW OFFICES
**BOONE & HENKOFF**
121 HARVARD AVE.
ALLSTON, MA 02134

(617) 782-8210
Fax (617) 782-2582

Ex. A

August 10, 2004

Town Administrator
Town of Brookline
333 Washington St.
Brookline, MA 02445

RECEIVED
TOWN OF BROOKLIN
TOWN CLERK
2004 AUG 19 A 7:5

VIA CERTIFIED MAIL 7002 2030 0007 65 12 1653

Re: Claims of Mariel Rosenthal and Anina Rasten, Massachusetts Tort Claims Act

Dear sir:

I have been retained by Mariel Rosenthal and her daughter, Anina Rasten, with respect to their claims against the Town of Brookline and its employees arising from certain events which occurred on September 3, 2001.

This letter is intended to comply with the provisions of the Massachusetts Tort Claims Act, M.G.L.c.258 s.4. Although that statute requires presentation of a demand, such as this, within two years of the occurrence, I contend that the statutory reporting period was tolled during the period of their convalescence from the physical and mental injuries they suffered; and by the fact that several of their claims concern ongoing conduct and injury. Further, the basic facts of their claims have been known to the Town, through its police department, since September, 2001.

The facts of their claims are as follows:

On September 3, 2001, which was labor day, Aninal was visiting at her mother's apartment at 61 Park St., 4J. Her mother, Mariel, had suffered a heart attack a few weeks before, and Anina was caring for her.

Both Anina and Mariel are naturalized United States citizens, and immigrants from the former Soviet Union. They speak Russian amongst themselves, and with friends, although both speak English more or less well. (Mariel is a former Brookline Town Meeting Member, and candidate for Selectman; Anina supported herself prior to the incident, as a translator).

On September 3, 2001, Mariel was 75 years old and, as previously mentioned, recovering from a heart attack. Anina was substantially disabled from a work-related back injury.

**Delivered to Town Clerk's Office on August 19, 2004 at 7:56 AM. Town Clerk's Office delivered a copy to Police Department and delivered originial to Town Counsel.**

A certain neighbor, one James Cotter, called 911 and claimed that he heard a fight between Mariel and some "unknown woman" in the adjoining apartment, and described not only raised voices, but a "crash-bang-boom" commotion. Brookline police responded to his telephone call (in which he requested anonymity) and knocked on the door of the apartment. According to their report, the received no response, and heard nothing from within the apartment.

They knocked a second time and again, according to their report, received no response. (Mariel states that she did respond and told them to go away). They then obtained a pass-key and entered the apartment. According to their report, Mariel was attempting to attack her daughter and, when they tried to prevent this, she attacked them with a curtain-rod box, and her feet, which were shod with bedroom slippers. According to their report, Anina also attacked them with her shod feet.

In fact, there never was any kind of fight between mother and daughter, who were, and are inseparable. Mariel was speaking to a friend on her cell phone, in Russian, and naturally has a loud voice. The telephone records were later provided to the prosecution.

In fact, it is ludicrous to believe that a 75 year-old woman, dressed in her nightgown and slippers, would attack three large police officers, and a fireman. What actually happened is that she asked them to leave, and then fled to her bedroom, where they pursued her. What actually happened is that the police officers, acting without probable cause, invaded her home, frightened her half to death, and then brutally assaulted her, which assault resulted in a broken left arm, several broken ribs, a torn rotator cuff, and other injuries.

What actually happened is, when Anina protested the invasion of her mother's home, the brutal assault on her mother, and the willful desecration of the Kosher kitchen[1] she, too, was brutally assaulted.

Mariel attempted, on feeling chest pains, to telephone 911 for an ambulance. The Brookline 911 dispatcher, in response, referred to her as a "nut" over an open mike. In fact, prior to this incident, neither mother nor daughter had ever been treated for any mental disorder. Since the incident, Anina has been diagnosed with disabling post-traumatic stress disorder and anxiety, caused by this incident.

Mother and daughter, for the first time in their lives, were arrested and dragged, in handcuffs and night dress, past their appalled neighbors. According to Mariel, who is a survivor of the holocaust, the siege of Odessa, and the regimes of Lenin, Stalin, Beria, and Khrushev, she had never been so treated in her life.

Both were charged with assault and battery with dangerous weapons, e.g, a cardboard container and bedroom slippers in several counts. All counts were eventually dismissed in

---

[1] One of the officers insisted on washing up in the kitchen sink, even after being informed that it was Kosher, and that the bathroom sink was the appropriate place to perform his Lady MacBeth ablutions.

January, 2003, apparently on the motions of their respective attorneys.

I intend, within the next two weeks, to bring an action against the responsible individuals for their intentional torts, which include assault and battery, trespass, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, and various civil rights violations.

However, I see the Town of Brookline as being ultimately responsible for the inadequate training and lack of professionalism or even common decency which ultimately led to this debacle and intend, unless I hear otherwise from you, of naming the Town in the suit, as well.

I urge you, despite what your attorneys may consider to be the lateness of this demand, to respond constructively to this letter in the very near future. I would suggest, that even if the Town is ultimately successful in seeking dismissal of any counts against it by reason of Anina's and Mariel's failure to make the written demand required by the statute, such an outcome might be offensive to many people's sense of justice and fairness.

Accordingly, demand is made upon the Town of Brookline (and not upon the individuals) for settlement, as follows:

1. A written, public apology, from the Town. I would agree not to use such an apology as proof of any wrongdoing with respect to the individuals involved;

2. A thorough and sincere investigation by the town, as to the training of its police officers and 911 dispatchers with respect to persons not speaking English as their primary language, and sensitivity to religious practices, the latter to prevent desecrations such as occurred to Mrs. Rosenthal's Kosher sink. The training of police and fire responders with respect to when they are and are not allowed to enter a home by force, and how to resolve confrontations without the use of force should also be addressed.

3. A tangible, even if relatively token, expression of remorse (their medical bills alone amount to more than $20,000.00).

Please feel free, as time is so short, to respond to this letter by facsimile or telephone.

Yours truly,

Jefferson W. Boone