UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                         Civil DOCKET# 04-12092 DPW

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John Dewan Jr., | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

## PLAINTIFFS' MEMORANDUM OF REASONS IN SUPPORT OF OPPOSITION TO DEFENDANT TOWN OF BROOKLINE'S MOTION TO DISMISS

Plaintiffs, Maria Rosenthal and Anina Rasten hereby OPPOSE the Defendant, Town of Brookline's Motion to Dismiss Counts VI, VII, XX and XXII, including, without limitation, for the following stated reasons:

1) The Town of Brookline was already on notice of Rosenthal and Rasten's claims against it during the criminal prosecution of cases brought by the Brookline Police Department against the Plaintiffs.

2) The Plaintiffs' causes of action were not perfected, nor fully known to them, until the criminal charges against them were dismissed in January, 2003. The Plaintiffs, being immigrants from the former Soviet Union, and having little involvement with the judicial system whatsoever before this incident, had no knowledge as to "causes of action" against the police until they were

informed of such following the dismissal of the criminal charges. Thus, the two-year time period to present the causes of action against the Town of Brookline should take effect after the criminal charges against them were dismissed in January, 2003.

3) The negligent wrongful acts of the Town of Brookline's employees was a continuing offense. It commenced, on the day of September 3, 2001 when the plaintiffs were arrested. They were released on personal recognizance on September 4, 2001. However, their freedom remained curtailed by their recognizance until they were released from it by the dismissal of the charges against them in January, 2003. One who instigates or participates in the unlawful confinement of another is subject to liability". Restatement, Second, Torts s.45A. Until their cases were dismissed, the plaintiffs were confined to the Commonwealth of Massachusetts, and were obliged to appear, as directed, in the Brookline District Court, by their recognizance.

The Plaintiffs assent to the Defendant, Town of Brookline's Motion to Dismiss Count XIX, of the Complaint. This is a count for libel, and the Plaintiffs agree with the Defendant that the Town of Brookline should not be held liable for any claim arising out of an intentional tort.

## REQUEST FOR ORAL ARGUMENT

The Plaintiffs request an oral argument on this motion. The Plaintiffs believe that oral argument will assist the court in making a decision.

The Plaintiffs by their Attorney,

_____
Jefferson W. Boone, BBO # 543732
BOONE & HENKOFF
121 Harvard Avenue, Suite 2
Allston, Massachusetts 02134
(617) 782-8210

October 26, 2004

## Certificate of Service

I, Jefferson W. Boone, attorney for the plaintiffs hereby assert that on this date, October 27th, 2004 I mailed a true copy, first class mail, postage pre-paid, of the foregoing document to opposing counsels of record:

Douglas I. Louison, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

George F. Driscoll, Jr.
Office of Town Counsel
333 Washington Street
Brookline, MA 02445

Signed under the pains and penalties of perjury this 27th day of October 2004.

_____
Jefferson W. Boone