UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SUCV2004-03848-A

Maria Rosenthal, )
Anina Rasten )
    Plaintiffs, )
)
v. )
) **AMENDED**
) **COMPLAINT & JURY**
) **DEMAND**
Town of Brookline, )
Officer Gregory Gillis, )
Officer John Canney, )
Officer John L. Sullivan, )
Fireman Christopher Merrick, )
James Cotter )
Officer John Doe )
    Defendants. )
)

Now come the Plaintiffs in the above captioned matter and complains of the Defendants as follows:

## PARTIES

1. The plaintiff, Maria Rosenthal, hereinafter "Rosenthal," is a person of majority age, who resides in Brookline, in Norfolk County, Commonwealth of Massachusetts.

2. The plaintiff, Anina Rasten, hereinafter "Rasten," is a person of majority age, who resides in Brighton, in Suffolk County, Commonwealth of Massachusetts, and is the daughter of Rosenthal.

3. The Defendant, Town of Brookline is a municipality located at 333 Washington Street, in Norfolk County, Commonwealth of Massachusetts, 01901.

4. The Defendant, Officer Gregory Gillis, hereinafter "Gillis," no. 157, is a police officer, employed by the Town of Brookline in the Police Department.

5. The Defendant, Officer John Canney, hereinafter "Canney," no. 184, is a police officer,

1

employed by the Town of Brookline in the Police Department.

6. The Defendant, Firemen Christopher Merrick, hereinafter "Merrick," is a fireman, employed by the Town of Brookline in the Fire Department.

7. The Defendant, Officer John L. Sullivan, hereinafter "Sullivan," is a police dispatcher, dispatcher no. 89243, employed by the Town of Brookline in the Police Department.

8. The Defendant, Officer John Doe, hereinafter "Doe," is a police dispatcher, employed by the Town of Brookline in the Police Department.

9. The Defendant, James Cotter, hereinafter "Cotter," is a person of majority age, who resides at 61 Park Street, #4K, in Brookline, in Norfolk County, Commonwealth of Massachusetts.

## FACTS

10. On or about September 3, 2001, at around 1:30 p.m., Rosenthal was in her apartment talking on the phone with a friend.

11. At about the same time, and in the same place, Raasten was caring for Rosenthal, who had suffered a heart attack a few weeks before.

12. At around this same time, Cotter, a neighbor of Rosenthal's, called the police to report that he had heard an argument and "crash, bang, smash and stuff like that" coming from Rosenthal's apartment, e.g., a fight.

13. Brookline Police Officers Gillis and Canney responded to the call and knocked on the door of Rosenthal's apartment. Rosenthal responded and told them to go away as she was not in need of assistance from the Brookline Police.

14. The officers then obtained a pass-key and entered the apartment without a warrant and without the consent of Rosenthal.

15. Rosenthal fled to her bedroom, as she was shocked and frightened.

16. Officers Gillis and Canney pursued her and then brutally assaulted her, and arrested her, which resulted in substantial injuries to Rosenthal.

17. Raasten, upon protesting the invasion of Rosenthal's home, was brutally assaulted by Fireman Merrick and Officer Canney and then arrested.

18. Rosenthal began feeling chest pains, and telephoned 911 for an ambulance. The Brookline 911 dispatchers, Officers Sullivan and Doe, in response, referred to her as "nuts" over an open mike.

19. Rosenthal was arrested and charged with two counts of assault and battery by means of a dangerous weapon three counts of assault and battery on a police officer or public employee and one count of assault and battery.

20. Rosenthal spent part of the day in custody while barefoot and wearing only her nightgown.

21. Rosenthal went to the hospital the following day. She was treated for a broken left arm, several broken ribs, and a torn rotator cuff. A short time later, Rosenthal suffered a small heart attack.

22. Raasten was arrested and charged with assault by means of a dangerous weapon and interference with a fire fighter in the performance of his duty.

23. Raasten sustained contusions and has been diagnosed with disabling post-traumatic stress disorder and anxiety, caused by this incident.

24. All counts against both Rosenthal and Raasten were dismissed on the motions of their respective attorneys.

## COUNT I
(Assault & Battery by Defendants Gillis, Canney and Merrick on Rosenthal)

(Paragraphs 1-24 of this complaint are hereby re-alleged and incorporated herein by reference.)

25. Officers Gillis and Canney and Fireman Merrick failed to exercise due care in their interaction with Rosenthal.

26. Officers Gillis and Canney and Fireman Merrick, individually and as joint venturers, assaulted, battered, harassed Rosenthal.

27. Officers Gillis and Canney and Fireman Merrick did intentionally and maliciously physically touch Rosenthal without her consent, thereby inflicting grave apprehension, gross insult, and physical injury.

28. As a result of the assault and battery by Officers Gillis and Canney and Fireman Merrick, Rosenthal suffered a broken left arm, several broken ribs, and a torn rotator cuff. A short

3

time later, Rosenthal suffered a small heart attack.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT II
(Assault & Battery by Defendants Gillis, Canney and Merrick on Raasten)

(Paragraphs 1-28 of this complaint are hereby re-alleged and incorporated herein by reference.)

29. Officers Gillis and Canney and Fireman Merrick failed to exercise due care in their interaction with Raasten.

30. Officers Gillis and Canney and Fireman Merrick, individually and as joint venturers, assaulted, battered, and harassed Raasten.

31. Officers Gillis and Canney and Fireman Merrick did intentionally and maliciously physically touch Raasten without her consent, thereby inflicting grave apprehension, gross insult, and physical injury.

**WHEREFORE**, Raasten demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT III
(False Imprisonment by Defendants Gillis, Canney and Merrick on Rosenthal)

(Paragraphs 1-31 of this complaint are hereby re-alleged and incorporated herein by reference.)

32. Rosenthal was arrested and detained by the officers of the Brookline Police Department, to wit, Officers Gillis and Canney.

33. Fireman Merrick assisted in the arrest and detainment of Rosenthal.

34. Rosenthal did not violate any law nor was she in the act of committing a crime.

35. Arresting Officers, Gillis and Canney had no reason to believe that Rosenthal was breaking the law.

36. Rosenthal was wrongly arrested and detained by Officers Gillis and Canney.

37. As a result of being falsely imprisoned, Rosenthal was damaged and denied her freedom.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT IV
(False Imprisonment by Defendants Gillis, Canney and Merrick on Raasten)

(Paragraphs 1-37 of this complaint are hereby re-alleged and incorporated herein by reference.)

38. Raasten was arrested and detained by the officers of the Brookline Police Department, to wit, Officers Gillis and Canney.

39. Fireman Merrick assisted in the arrest and detainment of Raasten at Rosenthal's home.

40. Raasten did not violate any law nor was she in the act of committing a crime.

41. Arresting Officers, Gillis and Canney had no reason to believe that Raasten was breaking the law.

42. Raasten was wrongly arrested and detained by Officers Gillis and Canney.

43. As a result of being falsely imprisoned, Raasten was damaged and denied her freedom.

**WHEREFORE**, Raasten demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT V
(Trespass by Defendants Gillis, Canney and Merrick to Rosenthal's residence)

(Paragraphs 1-43 of this complaint are hereby re-alleged and incorporated herein by reference.)

44. Rosenthal was in lawful possession of real estate located at 61 Park Street, #4J, in Brookline.

45. On or about September 3, 2001, Officers Gillis and Canney and Fireman Merrick, without lawful authority entered upon the plaintiff's real estate and committed a trespass

thereon.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT VI
(Negligent Infliction of Emotional Distress by officers Gillis and Canney, and fireman Merrick on Rosenthal)

(Paragraphs 1-45 of this complaint are hereby re-alleged and incorporated herein by reference.)

46. Officers Gillis and Canney and Fireman Merrick's conduct was negligent.

47. Rosenthal was emotionally distressed due to Officers Gillis and Canney and Fireman Merrick's negligent conduct.

48. Rosenthal experienced physical harm, severe bodily injuries, and continues to experience mental anxiety, anguish, fear, fright and embarrassment.

**WHEREFORE**, Rosenthal demands judgement in her favor as to Officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT VII
(Negligent Infliction of Emotional Distress by officers Gillis and Canney, and fireman Merrick on Raasten)

(Paragraphs 1-48 of this complaint are hereby re-alleged and incorporated herein by reference.)

49. Officers Gillis and Canney and Fireman Merrick's conduct was negligent.

50. Raasten was emotionally distressed due to Officers Gillis and Canney and Fireman Merrick's negligent conduct.

51. Raasten experienced physical harm, and continues to experience mental anxiety, anguish, fear, fright and embarrassment.

**WHEREFORE**, Raasten demands judgement in her favor as to Officers Gillis and Canney, and

fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT VIII
(Intentional Infliction of Emotional Distress by officers Gillis and Canney, and fireman Merrick on Rosenthal)

(Paragraphs 1-51 of this complaint are hereby re-alleged and incorporated herein by reference.)

52. Officers Gillis and Canney and Fireman Merrick's conduct was intentional and they knew or should have known that their conduct would cause Rosenthal emotional distress.

53. Officers Gillis and Canney and Fireman Merrick's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

54. Rosenthal was emotionally distressed due to Officers Gillis and Canney and Fireman Merrick's conduct.

55. Rosenthal experienced physical harm, severe bodily injuries, and continues to experience mental anxiety, anguish, fear, fright and embarrassment.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT IX
(Intentional Infliction of Emotional Distress by officers Gillis and Canney, and fireman Merrick on Raasten)

(Paragraphs 1-55 of this complaint are hereby re-alleged and incorporated herein by reference.)

56. Officers Gillis and Canney and Fireman Merrick's conduct was intentional and they knew or should have known that their conduct would cause Raasten emotional distress.

57. Officers Gillis and Canney and Fireman Merrick's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

58. Officers Gillis and Canney and Fireman Merrick's conduct was extreme, outrageous, and beyond all possible bounds of decency.

59. Raasten was emotionally distressed due to Officers Gillis and Canney and Fireman Merrick's conduct.

60. Raasten experienced physical harm, and continues to experience mental anxiety, anguish, fear, fright and embarrassment.

**WHEREFORE**, Raasten demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT X
(Malicious Prosecution against Rosenthal)

(Paragraphs 1-60 of this complaint are hereby re-alleged and incorporated herein by reference.)

61. Defendant Officers Gillis and Canney arrested Rosenthal for an incident precipitated by Officers Gillis and Canney and Fireman Merrick's unauthorized entry into Rosenthal's apartment. Neither Rosenthal nor Raasten committed any crime requiring entry into Rosenthal's apartment.

62. Defendant Officers Gillis and Canney and Fireman Merrick had no reasonable belief that Rosenthal or Raasten was committing any unlawful act when they entered her apartment.

63. Defendant Officers Gillis and Canney and Fireman Merrick maliciously filed charges against and prosecuted Rosenthal for two counts of assault and battery by means of a dangerous weapon, three counts of assault and battery on a police officer or public employee and one count of assault and battery.

64. The court later dismissed these charges after months of inconvenience to Rosenthal.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XI
(Malicious Prosecution against Raasten)

(Paragraphs 1-64 of this complaint are hereby re-alleged and incorporated herein by

reference.)

65. Defendant Officers Gillis and Canney arrested Raasten for an incident precipitated by Officers Gillis and Canney and Fireman Merrick's unauthorized entry into Rosenthal's apartment. Neither Rosenthal nor Raasten committed any crime requiring entry into Rosenthal's apartment.

66. Defendant Officers Gillis and Canney and Fireman Merrick had no reasonable belief that Rosenthal or Raasten was committing any unlawful act when they entered her apartment.

67. Defendant Officers Gillis and Canney and Fireman Merrick maliciously filed charges against Raasten for assault by means of a dangerous weapon and interference with a fire fighter in the performance of his duty.

68. The court later dismissed these charges after months of inconvenience to Raasten.

**WHEREFORE**, Raasten demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XII
(Massachusetts Civil Rights Violation against Rosenthal by Officers Gillis and Canney, and Fireman Merrick)

(Paragraphs 1-68 of this complaint are hereby re-alleged and incorporated herein by reference.)

69. Defendant Officers, Gillis and Canney, and Fireman Merrick willfully violated Rosenthal's civil rights pursuant to the Massachusetts Civil Rights Act, M.G.L.A. c. 12 § 11H and I.

70. Officers Gillis and Canney, and Fireman Merrick deprived Rosenthal from freely exercising and enjoying rights secured by the Commonwealth.

71. Rosenthal was denied her freedom while being falsely imprisoned for a time by Officers Gillis and Canney, and Fireman Merrick

72. Rosenthal was assaulted and battered by Officers Gillis and Canney, and Fireman Merrick.

73. As a result of Defendant Officer's assault and battery Rosenthal was humiliated, was denied her freedom, suffered severe bodily injuries including a broken left arm, several

broken ribs, a torn rotator cuff, and a small heart attack. Rosenthal continues to experience mental anxiety, anguish, fear, fright and embarrassment caused by this incident.

**WHEREFORE**, Rosenthal demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, reasonable attorney fees, and other such relief as the court may deem appropriate.

### COUNT XIII
(Massachusetts Civil Rights Violation against Raasten by Officers Gillis and Canney, and Fireman Merrick)

(Paragraphs 1-73 of this complaint are hereby re-alleged and incorporated herein by reference.)

74. Defendant Officers, Gillis and Canney, and Fireman Merrick willfully violated Raasten's civil rights pursuant to the Massachusetts Civil Rights Act, M.G.L.A. c. 12 § 11H and I.

75. Officers Gillis and Canney, and Fireman Merrick deprived Raasten from freely exercising and enjoying rights secured by the Commonwealth.

76. Raasten was denied her freedom while being falsely imprisoned for a time by Officers Gillis and Canney, and Fireman Merrick

77. Raasten was assaulted and battered by Officers Gillis and Canney, and Fireman Merrick.

78. As a result of Defendant Officer's assault and battery Raasten was humiliated, was denied her freedom, suffered bodily injuries, and continues to experience mental anxiety, anguish, fear, fright and embarrassment. Raasten has also been diagnosed with disabling post-traumatic stress disorder and anxiety, caused by this incident.

**WHEREFORE**, Raasten demands judgement in her favor as to officers Gillis and Canney, and fireman Merrick, jointly and severally, for damages, interest, costs of suit, reasonable attorney fees, and other such relief as the court may deem appropriate.

### COUNT XIV
(Conspiracy by Officers Gillis and Canney, and Fireman Merrick against Rosenthal to violate 42 U.S.C.A. § 1985)

(Paragraphs 1-78 of this complaint are hereby re-alleged and incorporated herein by reference.)

in their lines of duty.

87. The Brookline Police Officers, Gillis and Canney and the Brookline Fireman, Merrick adhered to certain policies and practices proscribed by the Town of Brookline which caused injuries to Rosenthal.

88. The Defendant Police Officers and Fireman exhibited deliberate indifference to Rosenthal.

89. Officers Gillis and Canney, and Fireman Merrick's used unlawful brutal force in their interaction with Rosenthal.

**WHEREFORE**, Rosenthal demands judgement in her favor as to the Town of Brookline for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XVII
(Civil Rights violation of Title 42 U.S.C.A. § 1983 by Town of Brookline against Raasten)

(Paragraphs 1-89 of this complaint are hereby re-alleged and incorporated herein by reference.)

90. Officers Gillis and Canney, and Fireman Merrick's actions constituted state action pursuant to Title 42 U.S.C.A. § 1983.

91. The incident complained of occurred while the police officers and fireman were engaged in their lines of duty.

92. The Brookline Police Officers, Gillis and Canney and the Brookline Fireman, Merrick adhered to certain policies and practices proscribed by the Town of Brookline which caused injuries to Raasten.

93. The Defendant Police Officers and Fireman exhibited deliberate indifference to Raasten.

94. Officers Gillis and Canney, and Fireman Merrick's used unlawful brutal force in their interaction with Raasten.

**WHEREFORE**, Raasten demands judgement in her favor as to the Town of Brookline for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XVIII
(Slander by Brookline Police Dispatchers Sullivan and Doe against Rosenthal)

(Paragraphs 1-94 of this complaint are hereby re-alleged and incorporated herein by reference.)

95. On or about September 3, 2001, Brookline Police Dispatchers Sullivan and Doe, following Rosenthal's 911 call requesting an ambulance, had a conversation with each other, in the hearing and presence of other officers, wherein which Dispatchers Sullivan and Doe, maliciously spoke certain slanderous, false, malicious, scandalous, and defamatory words, to wit: "She's (Rosenthal) nuts" and "Yea, I know."

96. The words aforesaid tended to blacken and injure the reputation, integrity and morality of Rosenthal and to thereby expose her to public contempt and ridicule, and to injure and damage her.

97. The words spoken by Dispatchers Sullivan and Doe were and are utterly false, malicious and slanderous.

98. These statements were recorded and published.

99. Rosenthal has been greatly and permanently injured and damages\d in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Rosenthal demands judgement in her favor as to Dispatchers Sullivan and Doe, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XIX
(Libel by Brookline Police Dispatchers Sullivan and Doe against Rosenthal)

(Paragraphs 1-99 of this complaint are hereby re-alleged and incorporated herein by reference.)

100. On or about September 3, 2001, Brookline Police Dispatchers Sullivan and Doe, following Rosenthal's 911 call requesting an ambulance, had a conversation with each other, in the hearing and presence of other officers, wherein which Dispatchers Sullivan and Doe, maliciously spoke certain slanderous, false, malicious, scandalous, and defamatory words, to wit: "She's (Rosenthal) nuts" and "Yea, I know."

101. Dispatchers Sullivan and Doe made these statements, which were false and libelous, with reckless disregard of whether the facts contained therein were true or false.

102. These statements were recorded and published.

13

103. As a result of this broadcast, Rosenthal has been humiliated, and suffered damage to her reputation.

**WHEREFORE**, Rosenthal demands judgement in her favor as to Dispatchers Sullivan and Doe, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XX
(Negligent Infliction of Emotional Distress by Dispatchers Sullivan and Doe on Rosenthal)

(Paragraphs 1-103 of this complaint are hereby re-alleged and incorporated herein by reference.)

104. Dispatchers Sullivan and Doe's conduct was negligent.

105. Rosenthal was emotionally distressed due to Dispatchers Sullivan and Doe's negligent conduct.

106. Rosenthal experienced mental anxiety, embarrassment, humiliation, and loss to her reputation.

**WHEREFORE**, Rosenthal demands judgement in her favor as to dispatchers Sullivan and Doe, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XXI
(Intentional Infliction of Emotional Distress by Dispatchers Sullivan and Doe on Rosenthal)

(Paragraphs 1-106 of this complaint are hereby re-alleged and incorporated herein by reference.)

107. Dispatchers Sullivan and Doe's conduct was intentional and they knew or should have known that their conduct would cause Rosenthal emotional distress.

108. Dispatchers Sullivan and Doe's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

109. Rosenthal was emotionally distressed due to Dispatchers Sullivan and Doe's conduct.

110. Rosenthal experienced mental anxiety, embarrassment, humiliation, and loss to her

reputation.

**WHEREFORE**, Rosenthal demands judgement in her favor as to dispatchers Sullivan and Doe, jointly and severally, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XXII
Deleted

## COUNT XXIII
(Slander by James Cotter against Rosenthal)

(Paragraphs 1-110 of this complaint are hereby re-alleged and incorporated herein by reference.)

111. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment. In reporting this false incident to the police, Cotter maliciously made certain slanderous, false, malicious, scandalous, and defamatory statements, to wit: "[T]his, a lady and somebody who lives with her who lives next door to me, and I can't be sure, I'm not a detective, but, um, they fight all the time and now, the argument they're having now has escalated into crash, bang, smash and stuff like that."

    "Uh, it's 61 Park Street, and the apartment where all the noise and the crashing is coming from is 4J. The very end of the hallway."

112. The words aforesaid resulted in Rosenthal being confronted by the Brookline Police Department, whereupon which Rosenthal was falsely arrested. This tended to blacken and injure the reputation, integrity and morality of Rosenthal and to thereby expose her to public contempt and ridicule, and to injure and damage her.

113. Cotter's report to the police was utterly false, malicious and slanderous.

114. Cotter's report to the police was recorded and published.

115. Rosenthal has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Rosenthal demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XXIV
(Libel by James Cotter against Rosenthal)

15

(Paragraphs 1-115 of this complaint are hereby re-alleged and incorporated herein by reference.)

116. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment. In reporting this false incident to the police, Cotter maliciously made certain slanderous, false, malicious, scandalous, and defamatory statements, to wit: "[T]his, a lady and somebody who lives with her who lives next door to me, and I can't be sure, I'm not a detective, but, um, they fight all the time and now, the argument they're having now has escalated into crash, bang, smash and stuff like that."

"Uh, it's 61 Park Street, and the apartment where all the noise and the crashing is coming from is 4J. The very end of the hallway."

117. The words aforesaid resulted in Rosenthal being confronted by the Brookline Police Department, whereupon which Rosenthal was falsely arrested. This tended to blacken and injure the reputation, integrity and morality of Rosenthal and to thereby expose her to public contempt and ridicule, and to injure and damage her.

118. Cotter's report to the police was utterly false, malicious, slanderous, and libelous.

119. Cotter's report to the police was recorded and published.

120. Rosenthal has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Rosenthal demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XXV
(Slander by James Cotter against Raasten)

(Paragraphs 1-120 of this complaint are hereby re-alleged and incorporated herein by reference.)

121. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment. In reporting this false incident to the police, Cotter maliciously made certain slanderous, false, malicious, scandalous, and defamatory statements, to wit: "[T]his, a lady and somebody who lives with her (Raasten) who lives next door to me, and I can't be sure, I'm not a detective, but, um, they fight all the time and now, the argument they're having now has escalated into crash, bang, smash and stuff like that."

"Uh, it's 61 Park Street, and the apartment where all the noise and the crashing is coming

from is 4J. The very end of the hallway."

122. The words aforesaid resulted in Raasten being confronted by the Brookline Police Department, whereupon which Raasten was falsely arrested. This tended to blacken and injure the reputation, integrity and morality of Raasten and to thereby expose her to public contempt and ridicule, and to injure and damage her.

123. Cotter's report to the police was utterly false, malicious and slanderous.

124. Raasten has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Rasten demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

### COUNT XXVI
(Libel by James Cotter against Raasten)

(Paragraphs 1-124 of this complaint are hereby re-alleged and incorporated herein by reference.)

125. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment. In reporting this false incident to the police, Cotter maliciously made certain slanderous, false, malicious, scandalous, and defamatory statements, to wit: "[T]his, a lady and somebody who lives with her who lives next door to me, and I can't be sure, I'm not a detective, but, um, they fight all the time and now, the argument they're having now has escalated into crash, bang, smash and stuff like that."

"Uh, it's 61 Park Street, and the apartment where all the noise and the crashing is coming from is 4J. The very end of the hallway."

126. The words aforesaid resulted in Raasten being confronted by the Brookline Police Department, whereupon which Raasten was falsely arrested. This tended to blacken and injure the reputation, integrity and morality of Rosenthal and to thereby expose her to public contempt and ridicule, and to injure and damage her.

127. Cotter's report to the police was utterly false, malicious, slanderous, and libelous.

128. Cotter's report to the police was recorded and published.

129. Raasten has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

17

**WHEREFORE**, Raasten demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XXVII
(False Report of an Incident Made by James Cotter against Rosenthal)

(Paragraphs 1-129 of this complaint are hereby re-alleged and incorporated herein by reference.)

130. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment.

131. The false report resulted in Rosenthal being confronted by the Brookline Police Department, whereupon which Rosenthal was falsely arrested.

132. The false report tended to blacken and injure the reputation, integrity and morality of Rosenthal and to thereby expose her to public contempt and ridicule, and to injure and damage her.

133. Cotter's report to the police was utterly false.

134. Rosenthal has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Rosenthal demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

## COUNT XXVIII
(False Report of an Incident Made by James Cotter against Raasten)

(Paragraphs 1-134 of this complaint are hereby re-alleged and incorporated herein by reference.)

135. On or about September 3, 2001, Cotter called the police to report a false incident at Rosenthal's apartment.

136. The false report resulted in Raasten being confronted by the Brookline Police Department, whereupon which Raasten was falsely arrested.

137. The false report tended to blacken and injure the reputation, integrity and morality of Raasten and to thereby expose her to public contempt and ridicule, and to injure and

   damage her.

138.   Cotter's report to the police was utterly false.

139.   Raasten has been greatly and permanently injured and damaged in her good name and reputation, and was and is exposed to public contempt and ridicule.

**WHEREFORE**, Raasten demands judgement in her favor as to James Cotter, for damages, interest, costs of suit, and other such relief as the court may deem appropriate.


### COUNT XXIX
(Negligent and/or Intentional Infliction of Emotional Distress by James Cotter on Rosenthal)

(Paragraphs 1-139 of this complaint are hereby re-alleged and incorporated herein by reference.)

140.   Cotter's conduct was negligent.

141.   Cotter knew or should have known that his conduct would cause Rosenthal emotional distress.

142.   Cotter's conduct was extreme, outrageous, and beyond all possible bounds of decency.

143.   Rosenthal was emotionally distressed due to Cotter's negligent conduct.

144.   Rosenthal experienced mental anxiety, embarrassment, humiliation, and loss to her reputation.

**WHEREFORE**, Rosenthal demands judgement in her favor as to James Cotter for damages, interest, costs of suit, and other such relief as the court may deem appropriate.


### COUNT XXX
(Negligent and/or Intentional Infliction of Emotional Distress by James Cotter on Raasten)

(Paragraphs 1-144 of this complaint are hereby re-alleged and incorporated herein by reference.)

145.   Cotter's conduct was negligent.

146.   Cotter knew or should have known that his conduct would cause Raasten emotional

19

distress.

147. Cotter's conduct was extreme, outrageous, and beyond all possible bounds of decency.

148. Raasten was emotionally distressed due to Cotter's negligent conduct.

149. Raasten experienced mental anxiety, embarrassment, humiliation, and loss to her reputation.

**WHEREFORE**, Raasten demands judgement in her favor as to James Cotter for damages, interest, costs of suit, and other such relief as the court may deem appropriate.

**Plaintiffs request a trial by jury as to all triable issues.**

The Plaintiffs, by counsel,

_____
Jefferson W. Boone BBO #543732
BOONE & HENKOFF
121 Harvard Avenue
Allston, Massachusetts 02134
(617) 782-8210

Dated: December 13, 2004

## Certificate of Service

I, Jefferson W. Boone, attorney for the plaintiffs, hereby assert that on this date, December 13th, 2004 I mailed a true copy, first class mail, postage pre-paid, of the foregoing document to opposing counsels and defendants of record:

Douglas I. Louison, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

George F. Driscoll, Jr., Esq.
Office of Town Counsel
333 Washington Street
Brookline, MA 02445

James Cotter
61 Park Street, #4K
Brookline, MA 02445

_____
Jefferson W. Boone