UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SDCV2004-03848-A

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John L. Sullivan, | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF REASONS
IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION**

STATEMENT OF THE CASE

On or about August 30, 2004, the Plaintiff, brought suit in the Suffolk County Superior Court against the Defendants for their participation in an incident on September 3, 2001, where the plaintiff was falsely arrested without probable cause. The defendants removed the action to federal court based on the plaintiffs claims that the defendants violated 42 U.S.C. Sections 1983 and 1985. On or about April 13, 2005, the defendants filed a Motion For an Order Granting Access to Criminal Record Information Concerning the Plaintiff. To the extent it is in compliance with Local Rule 7.1(B)(l), and capable of comprehension, the plaintiff hereby opposes the defendants' motion.

ARGUMENT

A.    <u>The Plaintiffs criminal record. if one does exist. is not relevant to the subject matter of</u>

this action.

The plaintiffs criminal record is outside of the scope of discovery, as it is neither relevant to the subject matter of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence. The plaintiffs criminal record does not make up the "facts" that pertain to the issues in the plaintiffs complaint. The plaintiff did not commit a crime at the time of her arrest. The charges brought against her were dismissed on the motion of her attorney.

Furthermore, a party may not utilize discovery as a vehicle for obtaining information concerning his adversary which, although useful for private purposes, in no way concerns the pending litigation. <u>Preyer v. United States Lines. Inc.,</u> 64 F.R.D. 430,431 (E.D.Pa.1973).

B.  <u>The defendants have neither presented any evidence that the plaintiff has a criminal record. nor have they presented any evidence that her criminal record will be admissible under FRE 609. 403 and 404. and they have therefore violated Local Rule 7.HB)(1 ).</u>

The Plaintiff did not disclose to the defendants in her discovery responses that she has a criminal record. The defendants have failed to disclose in their motion what if any prior convictions the plaintiff has and why they would be admissible under FRE 609, 403, and 404. This evidence along with a legal argument should have been stated in an attached memorandum of reasons, as Local Rule 7.1(B)(1) requires.

Furthermore. there is no crime alleged here, as the plaintiff is not on trial for an alleged crime she committed, thus there is neither a similarity nor nexus between any criminal convictions and the incident on September 3, 2001.

Moreover, if the Court were to grant the defendants' motion, the unfair prejudice of such evidence may outweigh its probative value.

## CONCLUSION

For the reasons stated above, the defendants' request is accordingly inadmissible and is an unwarranted and unnecessary invasion of the plaintiffs privacy. As such, the defendants' motion must be denied.

The plaintiff, by counsel,

)ellerson   W. Boone, BBO #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA. 02134
(617) 782-8210

Dated:  April  25,  2005

## CERTIFICATE OF SERVICE

I, Jefferson W. Boone, do hereby certify that on this V (day of April, 2005, I served a copy of Plaintiffs' Oppositions to the Defendants' Motion, by mail, postage prepaid, to counsels and parties of record:

Douglas 1. Louison, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

George F. Driscoll, Jr., Esq.
Office of Town Counsel
333 Washington Street
Brookline, MA 02445

James F. Cotter
61 Park Street #4-K
Brookline, MA 02446

_____
:Jefferson W. Boone