UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SDCV2004-03848-A

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John L. Sullivan, | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

**PLAINTIFF'S  MEMORANDUM  IN SUPPORT OF HER MOTION
FOR ORDER COMPELLING  DEFENDANT. GREGORY GILLIS' RESPONSES TO
THE PLAINTIFF'S  FIRST REQUEST FOR PRODUCTION  OF DOCUMENTS**

STATEMENT OF THE CASE

On or about August 30, 2004, the Plaintiff brought suit in the Suffolk County Superior Court against the Defendants for their participation in an incident on September 3, 2001, where the Plaintiff was falsely arrested without probable cause. The Plaintiff served the Complaint, First Set ofInterrogatories,  and First Request for Production of Documents upon the Defendant on or about September 24, 2004. On or about September 28, 2004, the Defendants removed the action to Federal Court. On or about December 20, 2004, the Plaintiff served the Defendant with her Automatic Required Disclosure.  The Defendant has since failed to answer the Plaintiff s discovery requests.

<u>LOCAL RULE 37.1 HAS BEEN COMPLIED WITH</u>
<u>AND A DISCOVERY CONFERENCE WAS HELD</u>

A discovery conference was held via first class mail and via telephone. On or about March **11,2005,** the Plaintiffs counsel, Jefferson W. Boone, initiated a discovery conference by sending a letter to the attention of the Defendant's counsel, Douglas I. Louison, regarding the outstanding discovery. Attorney Lousion responded by letter on or about March 18,2005. Thereafter, Attorney Boone and Attorney Louison participated in a phone conference, however, no compromise was reached. The Plaintiff then filed this motion.

The following issues need to be decided by the court:

1. Whether the Plaintiff s discovery requests, which were served upon the Defendant along with the Complaint when the Plaintiff brought suit in the Superior Court, are deemed to be good discovery in compliance with the Federal and Local Rules which the Defendant must answer.

2. Whether the Plaintiff has to re-serve her discovery requests on the Defendant because the Defendant removed the suit to the Federal Court, deeming the discovery requests void.

3. Whether the Defendant has failed to respond to the Plaintiffs First Request for Production of Documents.

4. Whether the Defendant ought to pay the Plaintiff s expenses incurred in making this motion, including attorney's fees.

ARGUMENT

The Plaintiff argues that her discovery requests shall be deemed to have been served on the Defendant. Local Rule 26.2(A) prescribes that a party may not initiate discovery until that party has complied with Fed.R.Civ.P. 26(a)(1) and has made their automatic disclosure. The Plaintiff served her Automatic Disclosure on the Defendant on or about December 20, 2004. Hence, pursuant to Local Rule 26.2(A), the Defendant should, at the least, have thirty days from December 20, 2004, to respond to the Plaintiffs discovery requests. Thus, the Defendant has failed to respond to the Plaintiffs discovery within the 30-day time period.

CONCLUSION

For the reasons stated above, this Court shall issue an order compelling the Defendant, Gregory Gillis, to provide responses to the Plaintiffs First Request for Production of Documents, and award the Plaintiffs expenses incurred in making this motion, including attorney's fees.

The plaintiff, by counsel,

__s/Jefferson W. Boone_____
Jefferson W. Boone, BBO #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA. 02134
(617) 782-8210

Dated: June 1, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SDCV2004-03848-A

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John L. Sullivan, | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

## **CERTIFICATE PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1(B)**

Counsel for the moving party, Jefferson W. Boone certifies that pursuant to LR 7.1(A)(2) and LR 37.1(B) he has made a reasonable and good-faith effort to reach agreement with opposing counsels on the matters set forth in the motion

The plaintiff, by counsel,

s/Jefferson W. Boone
_____
Jefferson W. Boone, BBO #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA. 02134
(617) 782-8210

Dated: June 1, 2005

**CERTIFICATE OF SERVICE**

      I, Jefferson W. Boone, do hereby certify that on this 1st day of June, 2005, I served a copy of the foregoing documents, by mail, postage prepaid, to counsels and parties of record:

Douglas I. Louison, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

George F. Driscoll, Jr., Esq.
Office of Town Counsel
333 Washington Street
Brookline, MA 02445

James F. Cotter
61 Park Street #4-K
Brookline, MA 02446

                                                        s/Jefferson W. Boone
                                                        Jefferson W. Boone