COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

SUFFOLK, SS                                         Civil DOCKET# 04-3848

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John Dewan Jr., | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

## PLAINTIFF, MARIA ROSENTHAL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT, TOWN OF BROOKLINE

Pursuant to Mass. R. Civ. P. 34, the plaintiff, Maria Rosenthal, hereby requests that the defendant, Town of Brookline, produce the following documents at the office of plaintiff's attorney within thirty days of service of this document upon you.

### INSTRUCTIONS

These requests are deemed to be continuing to the extent permitted by Mass. R. Civ. P. 26(e). If you become aware of additional documents which are responsive to these requests, you shall supplement your answers immediately.

You shall produce the requested documents separately. All documents produced in response to this request shall be organized and labeled with the number of the document request to which the documents are responsive.

If any document requested herein are withheld under a claim of privilege, the following information shall be provided with respect to each such document:

    a.     The type of document, its general subject matter, and the date and location where it was prepared or created;

    b.     The name and address of each person who prepared the document and the name and address of each person who has received or examined the document;

    c.     The name and address of the person who presently has possession or custody of the documents;

    d.     The nature of the privilege claimed;

    e.     A statement why the privilege is applicable; and

    f.     the name of each specific document to which the withheld document is responsive.

If any document production request contained herein is claimed objectionable, then (i) the portion of such document production request claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the court to rule on the validity of the objection, (ii) any document withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the court to determine what portion of such document falls within the scope of such objection; and (iii) documents shall be provided in response to any portion of such document production request that is not claimed to be objectionable.

## DEFINITIONS

<u>You or Your</u>. "You" or "your" means the defendant, Town of Brookline, or any person acting for their or on their behalf, unless otherwise indicated.

<u>Plaintiff</u>. "Plaintiff" means the plaintiff, Maria Rosenthal.

<u>Document(s)</u>. "Document" or "documents" shall mean and include, without limitation, any and all papers, letters, correspondences, recordings, notes, agreements, lists, ledgers, tape recordings, logs, statements, telephone messages, computer in-put or out-put, including the reduction of any and all oral statements to writing in your possession, custody, or control or any of your representatives.

## **REQUESTS**

1. All booking reports, photographs, video and audio tapes if any, which pertain or relate to the arrest, booking, detention and release of the plaintiff in the underlying criminal matter.

2. Transcripts or tapes of radio traffic pertaining to the plaintiff and/or the incident on 09/03/01 from 13:30 to 15:30, e.g. 1:30 P.M. to 3:30 P.M

3. Brookline Police regulations, guidelines, protocols and or training materials related to:
    1. The arrest and detention of geriatric suspects;
    2. Responding to a suspected domestic violence dispute;
    3. The requisite probable cause needed to gain entry into a citizens residence; and
    4. 911 operators and dispatchers taking calls; and
    5. 911 operators and dispatchers discussing calls and/or caller after caller hangs up.

4. Any documents which defendant intends to introduce into evidence at trial.

5. The transcripts of any statements taken from any of the officers herein, city officials or any witness to the incident. If a claim of attorney client privilege is made, please state the name, address, and telephone number of your attorney at the time the statement was taken, the date the statement was taken, and such other information as you feel will support your claim of privilege.

6. Any and all correspondence between the defendant officers and the plaintiff.

7. Any and all correspondence between the Town of Brookline and the defendant officers, firemen, 911 dispatchers and operators, or anyone acting on their behalf.

8. All documents on which defendant Town of Brookline relies upon or which it purports to form the factual basis for its affirmative defenses.

9. The duty roster for the police department, including the 911 dispatchers and operators, and firemen, for the shift on 09/03/01 from 13:30 to 15:30, e.g. 1:30 P.M. to 3:30 P.M

10. Complete personnel file of Officer Gregory Gillis.

11. Complete personnel file of Officer John Canney.

12. Complete personnel file of John Dewan Jr.

13. Complete personnel file of Fireman Christopher Merrick.

14. Any reports of any investigations by any person employed by the Town of Brookline regarding the incident complained of in the plaintiff's complaint.

15. Copies of all written or recorded statements, signed or unsigned, and/or copies of all verbatim, written transcriptions of statements of any party to this lawsuit which relates or pertains to the allegations in any pleading in this lawsuit.

The Plaintiff, by counsel

Jefferson W. Boone, BBO #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA 02134
(617) 782-8210

DATE: September 9, 2004