UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV12092-DPW


MARIA ROSENTHAL and
ANINA RASTEN

Plaintiffs

v.

TOWN OF BROOKLINE, OFFICER GREGORY
GILLIS, OFFICER JOHN CANNEY, OFFICER
JOHN L. SULLIVAN, FIREMAN CHRISTOPHER
MERRICK, JAMES COTTER, and OFFICER
JOHN DOE,

Defendants

ORDER ON

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
JOHN CANNEY'S RESPONSES TO THE PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**(Docket # 22)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
JOHN CANNEY'S INTERROGATORY RESPONSES**

**(Docket # 24)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
CHRISTOPHER MERRICK'S INTERROGATORY
RESPONSES**

**(Docket # 26)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
CHRISTOPHER MERRICK'S RESPONSES TO THE
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS**

**(Docket # 28)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
GREGORY GILLIS' RESPONSES TO THE PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**(Docket # 30)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, OFFICER
GREGORY GILLIS' INTERROGATORY RESPONSES**

**(Docket # 32)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, TOWN OF
BROOKLINE'S INTERROGATORY RESPONSES**

**(Docket # 34)**

**and**

**PLAINTIFF, MARIA ROSENTHAL'S MOTION FOR
ORDER COMPELLING DEFENDANT, TOWN OF
BROOKLINE'S RESPONSES TO THE PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENT**

**(Docket # 36)**

ALEXANDER, M.J.

This case is currently before this Court for a ruling on motions to compel

responses to written discovery filed by one of the plaintiffs, Maria Rosenthal.  The

plaintiff filed her motions to compel after the defendants failure to, and refusal to,

respond to her interrogatories and requests for documents.  The defendants oppose

the motions on the basis that Ms. Rosenthal has not properly served the discovery

requests in accordance with the local rules and that the defendants need not,

therefore, respond to the requests.

Ms. Rosenthal and her co-plaintiff, Anina Rasten, initiated this action in

Massachusetts state court, alleging that they were falsely arrested without probable

cause.  Ms. Rosenthal's discovery requests were served contemporaneously with

3

the complaint.  The defendants thereafter removed the case to federal court.  The

dispute as to whether Ms. Rosenthal properly served her discovery requests turns

on this removal, and the differences in sequencing discovery imposed by the

Massachusetts Rules of Civil Procedure ("the Massachusetts Rules") and the

Local Federal Rules of Civil Procedure ("the Local Rules").

     The Massachusetts Rules allow a party to serve written discovery requests

"upon the plaintiff after commencement of the action and upon any other party

with or after service of the summons and complaint upon that party."  E.g., Mass.

R. Civ. P. 33.  The Local Rules, however, require a party to provide certain initial

disclosures before initiating discovery.  See Local Rule 26.2(A).  The Local Rules

also address the specific situation in which the parties in the instant case now find

themselves: what to do when discovery was initiated in state court prior to the

removal of the action to federal court.  Local Rule 26.2(D) states that "[i]n all

actions removed to this court . . . if discovery was initiated before the action [was]

removed, then the submission required by subdivision (A) [the initial disclosure

requirement] shall be made within twenty (20) days of the date of the removal

. . . ."

     The defendants removed the case to federal court on September 28, 2004,

and Ms. Rosenthal had twenty days from that date in which to make her initial

disclosures.  Ms. Rosenthal, however, did not provide her initial disclosures until December 20, 2004, well after the twenty day period had expired.  Although both parties are quite clearly aware of the Local Rules, neither party cites to, or appears to be aware of, Local Rule 26.2(D) and the requirements imposed by it.  Ms. Rosenthal seems aware only of Local Rule 26.2(A).  The defendants fare no better, stating only generally, and with no citations whatsoever, that Ms. Rosenthal has failed to comply with the Local Rules.

Ms. Rosenthal did not comply with the requirements of Rule 26.2(D), and the Court is therefore compelled to agree with the defendants that she has not yet properly served her discovery requests.  Had she provided her initial disclosures within the time set forth in Rule 26.2(D), the discovery requests served prior to removal would have been valid.  Because she did not do so, however, the Court DENIES her motions to compel.[1]

SO ORDERED.

6/16/05                                        /S/ Joyce London Alexander
Date                                           United States Magistrate Judge

---

[1]In denying Ms. Rosenthal's motion, the Court notes that this type of discovery dispute is one that the parties should have been able to resolve without having to turn to the Court for assistance.  Ms. Rosenthal could have simply agreed to re-serve the discovery requests, with the proper federal court case caption.  Alternatively, the defendants could have agreed to respond to the discovery requests as previously served, rather than force Ms. Rosenthal to file a motion to compel by refusing to answer the requests.  Either action would have cost the parties less, in both time and money, than filing papers with the Court.