COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

SUFFOLK, SS                                    Civil DOCKET# 04-3848

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John Dewan Jr., | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

## PLAINTIFF, MARIA ROSENTHAL'S FIRST SET OF INTERROGATORIES TO DEFENDANT TOWN OF BROOKLINE

Pursuant to Mass. R. Civ. P. 33, the plaintiff, Maria Rosenthal, hereby requests that the defendant, Town of Brookline, answer the following interrogatories in writing and under oath within forty-five (45) days from the date of service of this document upon counsel.

### INSTRUCTIONS

These interrogatories are deemed to be continuing to the extent permitted by Mass. R. Civ. P. 26(e). If you become aware of additional information which is responsive to these interrogatories, you shall supplement your answers immediately.

If any interrogatory herein is claimed objectionable, then (i) the portion of such interrogatory claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the court to rule on the validity of the objection, (ii) any information withheld pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the court to determine what portion of such information falls within the scope of such objection; and (iii)

information shall be provided in response to any portion of such interrogatory that is not claimed to be objectionable.

## DEFINITIONS

<u>You or Your</u>. "You" or "your" means the defendant, Town of Brookline, or any person acting for their or on their behalf, unless otherwise indicated.

<u>Plaintiff</u>. "Plaintiff" means the plaintiff, Maria Rosenthal.

<u>Document(s)</u>. "Document" or "documents" shall mean and include, without limitation, any and all papers, letters, correspondences, recordings, notes, agreements, lists, ledgers, tape recordings, logs, statements, telephone messages, computer in-put or out-put, including the reduction of any and all oral statements to writing in your possession, custody, or control or any of your representatives.

## INTERROGATORIES

1. Please state the name, title and telephone number of the individual answering these interrogatories on behalf of the defendant Town of Brookline.

2. Please identify each person with whom the Town of Brookline consulted and identify each document which the Town of Brookline referred to for information used in answering these interrogatories.

3. If the Town of Brookline claims that it was justified or privileged in its acts concerning the alleged incident, specify as fully as possible the facts upon which the Town of Brookline bases these claims.

4. If the Town of Brookline claims that the plaintiff's injuries were caused in whole or part by her own negligence or the negligence of others, please elaborate.

5. Is the Town of Brookline aware of the existence of any photographs, video and audio tapes which pertain or relate to the arrest, booking, detention and release of the plaintiff

in the underlying criminal matter, (Brookline Division, 0109CR000896)? If the answer is in the affirmative, please describe each said item and state their location.

6. Is the Town of Brookline aware of the existence of any transcripts or tapes of radio traffic pertaining to the plaintiff and/or the incident on 09/03/01 from 13:30 to 15:30, e.g. 1:30 P.M. to 3:30 P.M? If so, please state the location of each such item and the names and addresses of those people, including the officers, 911 operators, and 911 dispatchers who are on the tapes.

7. Is the Town of Brookline aware of the existence of any written or recorded statements, signed or unsigned, and/or copies of all verbatim, written transcriptions of statements of any party, including the plaintiff, to this lawsuit which relates or pertains to the allegations in any pleading in this lawsuit? If your answer is in the affirmative, please (a) identify the location of such statements, (b) the date(s) they were taken and (c) the substance of any and all such statements.

8. State when the Town of Brookline was first notified about plaintiff's injuries and specify the manner of notification, whether in writing or orally.

9. Please describe what guidelines, if any the Town of Brookline and/or its Police Department prescribes for the following circumstances:
   a. The arrest and detention of geriatric suspects;
   b. 911 operators and dispatchers commenting on a call/caller;
   c. Officer's responding to a suspected domestic violence dispute; and
   d. The requisite probable cause needed for an officer to gain entry to a residence.

10. Please provide the names and addresses of all witnesses to the incident, including but not limited to all dispatchers, 911 operators, officers, and fire officers, and those involved in the plaintiff's arrest, booking, and detention, specifying what aspect they were involved in, and whether they are expected to testify at trial.

11. Please provide the names and addresses of any other persons having knowledge of relevant facts relating to the incident involved in this action, and whether they are expected to testify at trial.

12. Please detail all conversations any agent, servant, and/or employees of the Town of Brookline had with the Plaintiff or anyone acting on her behalf regarding the events complained of.

13. Please describe what if any training the Town of Brookline provided for its employee officers with respects to:
    a. law enforcement and geriatric citizens;
    b. domestic violence disputes;
    c. Probable cause needed to enter a residence;
    d. 911 operators and dispatchers taking calls; and
    e. 911 operators and dispatchers discussing calls and/or caller after caller hangs up.

14. Identify each expert witness whom the Town of Brookline expects to call to testify at trial, and as to each, state separately and in full and complete detail the following:
    a. The names and addresses of each person whom the Town of Brookline expect to call to testify at trial as an expert witness;
    b. The subject matter upon which each person is expected to testify;
    c. The substance of the facts and opinions to which the person is expected to testify; and
    d. The grounds for each expert opinion, including, where relevant, the methods and processes utilized by the expert in arriving at his opinion.

16. Did the Town of Brookline, in terms of its Police Internal Affairs Department, or otherwise, conduct an investigation of this incident? If so, please specify the name, address and telephone number of the person(s) conducting the investigation(s) and the

dates of such investigations.

                                                The Plaintiff, by counsel

                                                Jefferson W. Boone, BBO #543732
                                                BOONE & HENKOFF
                                                121 Harvard Avenue, Suite #2
                                                Allston, MA 02134
                                                (617) 782-8210

DATE: September 9, 2004