COMMONWEALTH OF MASSACHUSETTS
SUFFOLK SUPERIOR COURT

SUFFOLK, SS                                                                 Civil DOCKET# 04-3848

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John Dewan Jr., | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|    Defendants. | ) |

## **PLAINTIFF. MARIA ROSENTHAL'S FIRST SET OF INTERROGATORIES TO** DEFENDANT OFFICER JOHN CANNEY

Pursuant to Mass. R. Civ. P. 33, the plaintiff, Maria Rosenthal, hereby requests that the defendant, Officer John Canney, answer the following interrogatories in writing and under oath within forty-five (45) days from the date of service of this document upon counsel.

INSTRUCTIONS

These interrogatories are deemed to be continuing to the extent permitted by Mass. R. Civ. P. 26(e). If you become aware of additional information which is responsive to these interrogatories, you shall supplement your answers immediately.

If any interrogatory herein is claimed objectionable, then (i) the portion of such interrogatory claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the court to rule on the validity of the objection, (ii) any information withheld pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the court to determine what portion of such information falls within the scope of such objection; and (iii)

information shall be provided in response to any portion of such interrogatory that is not claimed to be objectionable.

## DEFINITIONS

You or Your. "You" or "your" means the defendant, Officer John Canney, or any person acting for their or on their behalf, unless otherwise indicated.

Plaintiff. "Plaintiff' means the plaintiff, Maria Rosenthal.

Document(s). "Document" or "documents" shall mean and include, without limitation, any and all papers, letters, correspondences, recordings, notes, agreements, lists, ledgers, tape recordings, logs, statements, telephone messages, computer in-put or out-put, including the reduction of any and all oral statements to writing in your possession, custody, or control or any of your representatives.

## INTERROGATORIES

1. State your name, address, age, badge number, occupation, title and place of employment at the time of the incident and currently (include your years of employment in each instance).

2. Please identify each person with whom you consulted and identify each document which you referred to for information used in answering these interrogatories.

3. If you saw Maria Rosenthal in her residence on or about September 3, 2001, please state as accurately as possible:
    a. The reason why you were at the plaintiffs residence;
    b. How you were able to gain entrance to the plaintiffs residence?
    c. For what reason(s) you needed to gain entrance to the plaintiffs residence?
    d. The names of the people with you when you entered the plaintiffs residence.
    e. The names of the people present with the plaintiff in her residence?
    f. What the plaintiff was wearing when you entered the residence?

4. Please describe in full and complete circumstances, in chronological order, the events that transpired once you were inside the plaintiffs residence. Please include in your answer conversations that were exchanged between anyone and everyone present and the extent to which there was physical contact between anyone and everyone present.

5. Regarding the arrest of the plaintiff, please state:
    a. Why the plaintiff was placed under arrest?
    b. What the plaintiff was wearing and what was on the plaintiffs feet when she was placed under arrest?
    c. Where the plaintiff was when she was placed her under arrest?
    d. The name of the officer who placed the plaintiff under arrest.

6. Specify what you were doing and what Plaintiff Rosenthal was doing at the time and place of the arrest.

7. Please give the name of each person involved in the arrest of the plaintiff, and the role they played in the arrest.

8. If you claim that you were justified or privileged in your acts or statements at the time of the alleged incident, specify as fully as possible the facts upon which you base this claim.

9. Did you sustain any injuries from the incident? If so, please state:
    a. The injuries sustained;
    b. The name and address of any and every doctor, hospital or other health care provider from whom you received treatment for your injuries; and
    c. A complete description of the medical treatment you received from each said doctor, hospital, or other health care provider; and

10. Are you aware if the plaintiff or anyone else present at the incident sustained any injuries? If so, what were the extent of those injuries?

11. Are you aware of the existence of any photographs, video and audio tapes which pertain or relate to the arrest, booking, detention and release of the plaintiff in the underlying criminal matter (Brookline Division, 0109CR000896)? If your answer is in the affirmative, please describe said items and state their location.

12. Are you aware of the existence of any transcripts or tapes of radio traffic pertaining to the plaintiff and/or the incident on 09/03/01 from 13:30 to 15:30, e.g. 1:30 P.M. to 3:30 P.M? If your answer is in the affirmative, please describe said items and state their location.

13. Are you aware of the existence of any written or recorded statements, signed or unsigned, and/or copies of all verbatim, written transcriptions of statements of any party, including the plaintiff, to this lawsuit which relates or pertains to the allegations in any pleading in this lawsuit? If your answer is in the affirmative, please (a) identify the location of such statements, (b) the date(s) they were taken and (c)the substance of any and all such statements.

14. Please describe what guidelines of the Brookline Police Department, if any, you were following concerning the arrest and detention of geriatric suspects.

15. Please describe what guidelines of the Brookline Police Department, if any, you were following concerning responding to a suspected domestic violence dispute.

16. Please describe what guidelines of the Brookline Police Department, if any, you were following concerning entering a citizen's residence without consent.

17. Please provide the names and addresses of all witnesses to the incident, including but not limited to all dispatchers, 911 operators, officers, fire officers, and those involved in the plaintiffs arrest, booking, and detention, specifying what aspect they were involved in, and whether they are expected to testify at trial.

18. Please provide the names and addresses of any other persons having knowledge of relevant facts relating to the incident involved in the action, and state whether they are expected to provide testimony at trial.

19. Please detail all conversations with the Plaintiff.

20. Please describe what if any training you have had as an officer with the Brookline Police Department.

21. Please state whether you have ever been the subject of any investigation by any Internal Affairs Bureau, or civilian review board, including but not limited to the Brookline Police Department. Include in your answer the date(s), nature of the investigation, facts/issues, and the outcome.

22. Please provide the name and address of all experts consulted with and state whether he or she is expected to provide testimony at trial. If such expert(s) will be providing testimony at trial, state separately and in full and complete detail the following:
    a. The subject matter upon which he/she is expected to testify;
    b. The substance of the facts and opinions to which he/she is expected to testify; and
    c. The grounds for each expert opinion, including, where relevant, the methods and processes utilized by the expert in arriving at his/her opinion.

23. For all other experts defendant intends to have provide testimony at trial, please provide the following:
    a. The names and addresses;
    b. The subject matter upon which each person is expected to testify;
    c. The substance of the facts and opinions to which the person is expected to testify; and
    d. The grounds for each expert opinion, including, where relevant, the methods and

processes utilized by the expert in arriving at his opinion.

        The Plaintiff, by counsel

        Jefferson W. Boone, BBO #543732
        BOONE & HENKOFF
        121 Harvard Avenue, Suite #2
        Allston, MA 02134
        (617) 782-8210

DATE: September 9, 2004