UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SUCV2004-03848-A

| | |
|---|---|
| Maria Rosenthal, <br> Anina Rasten <br>     Plaintiffs, <br><br> v. <br><br> Town of Brookline, <br> Officer Gregory Gillis, <br> Officer John Canney, <br> Officer John L. Sullivan, <br> Fireman Christopher Merrick, <br> James Cotter <br> Officer John Doe <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
FOR ORDER COMPELLING DEFENDANT, GILLIS' RESPONSES TO THE
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

STATEMENT OF THE CASE

On or about August 30, 2004, the Plaintiff brought suit in the Suffolk County Superior Court against the Defendants for their participation in an incident on September 3, 2001, where the Plaintiff was falsely arrested without probable cause. The Plaintiff served the Complaint, First Set of Interrogatories, and First Request for Production of Documents upon the Defendant on or about September 24, 2004. On or about September 28, 2004, the Defendants removed the action to Federal Court. On or about December 20, 2004, the Plaintiff served the Defendant with her Automatic Required Disclosure. Pursuant to the Federal Rules and this Court's June 16th, 2005 Order on the Plaintiff's Motion to Compel, the plaintiff re-served her First Set of Interrogatories upon the Defendant on or about June 21, 2005. The Plaintiff has not received any responses to these interrogatories, and the responses are past due.

## LOCAL RULE 37.1 HAS BEEN COMPLIED WITH BY THE PLAINTIFF

On or about August 9th, 2005, the Plaintiff's counsel, Jefferson W. Boone, attempted to confer with the Defendant in an effort to secure the Defendant's responses to the Plaintiff's discovery requests without court action by writing and sending a letter via first class mail, to the Defendant's counsel, Douglas I. Louison. The Defendant did not respond.

The following issues need to be decided by the court:

1. Whether the Defendant has failed to respond to the Plaintiff's First Set of Interrogatories in a timely fashion.
2. Whether this Court ought to sanction the Defendant and award expenses and fees to the Plaintiff pursuant to Local Rule 37.1 and Federal Rule 37(a)(4).

## ARGUMENT

The Plaintiff argues that the Defendant has failed to respond to the Plaintiff's discovery within the 30-day time period.

The Plaintiff argues that the Defendant has failed to participate in a discovery conference after the Plaintiff's request.

## CONCLUSION

For the reasons stated above, this Court shall issue an order compelling the Defendant, Officer Gregory Gillis, to provide responses to the Plaintiff's First Set of Interrogatories, and award the Plaintiff's expenses incurred in making this motion, including attorney's fees, and/or sanction the Defendant.

The plaintiff, by counsel,

s/ Jefferson W. Boone
Jefferson W. Boone #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA. 02134
(617) 782-8210

Dated: August 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Civil Action No.: 04-12092-DPW

SUFFOLK SUPERIOR COURT
Civil Action No.: SUCV2004-03848-A

| | |
|---|---|
| Maria Rosenthal, | ) |
| Anina Rasten | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Town of Brookline, | ) |
| Officer Gregory Gillis, | ) |
| Officer John Canney, | ) |
| Officer John L. Sullivan, | ) |
| Fireman Christopher Merrick, | ) |
| James Cotter | ) |
| Officer John Doe | ) |
|     Defendants. | ) |

## CERTIFICATE PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1(B)

Counsel for the moving party, Jefferson W. Boone certifies that pursuant to LR 7.1(A)(2) and LR 37.1(B) he has made a reasonable and good-faith effort to reach agreement with opposing counsels on the matters set forth in the motion

The plaintiff, by counsel,

s/ Jefferson W. Boone
Jefferson W. Boone #543732
BOONE & HENKOFF
121 Harvard Avenue, Suite #2
Allston, MA. 02134
(617) 782-8210

Dated: August 22, 2005