UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.04-12092-DPW

MARIA ROSENTHAL, and
ANINA RASTEN
    Plaintiffs,

v.

TOWN OF BROOKLINE, OFFICER GREGORY
GILLIS, OFFICER JOHN CANNEY, OFFICER
JOHN L. SULLIVAN, FIREMAN CHRISTOPHER
MERRICK, JAMES COTTER, OFFICER JOHN DOE,
    Defendants.

## JOINT PRE-TRIAL MEMORANDUM

Pursuant to the Court's November 20, 2006 order, the parties submit the following as their joint pre-trial memorandum.

1. **TRIAL COUNSEL:**

   James W. Simpson, Jr.                  Jefferson Boone, Esq.
   Merrick, Louison & Costello, LLC.       Boone & Henkoff
   67 Batterymarch Street                 311 Washington Street
   Boston, MA 02110                       Brighton, MA 02135
   (617) 439-0305                         (617) 782-8210

2. **THE CASE WILL BE TRIED BY A JURY:**

3. **CONCISE SUMMARY OF THE EVIDENCE:**

   **PLAINTIFF:**
   On September 3, 2001, which was labor day, Anina Rasten (hereinafter, "Anina") was visiting at her mother's apartment at 61 Park St., 4J, Brookline, MA. Her mother, Maria Rosenthal (hereinafter, "Maria") had suffered a heart attack a few weeks before, and Anina was caring for her. Both were preparing for the Jewish holidays.

   On September 3, 2001, Maria was 75 years old and, as previously mentioned, recovering from a heart attack. Anina was substantially disabled from a work-related back injury.

A certain neighbor, one James Cotter, called 911 and claimed that he heard a fight between Maria and some "unknown woman" in the adjoining apartment, and described not only raised voices, but a "crash-bang-boom" commotion. Brookline police responded to his telephone call (in which he requested anonymity) and knocked on the door of the apartment and, they say, received no response and heard no noise from within the apartment.

They knocked a second time and again, according to their report, received no response; but the plaintiffs will testify that Maria did respond and told them to go away. They then obtained a pass-key and entered the apartment. Upon entering the apartment they knocked or threw Maria to the ground, resulting in multiple injuries to her.

Anina protested the intrusion and assault on her mother and was also arrested. Both plaintiffs were struck or otherwise abused after their arrest. Both plaintiffs suffered physical injuries, including a broken wrist, torn rotator cuff and fractured ribs (Maria) and numerous bruises (Anina). Both plaintiffs, particularly Anina, suffered severe mental trauma.

Both plaintiffs deny assaulting or being assaulted by each other; both plaintiffs deny assaulting any of the police or other persons on the scene, but say they were assaulted and battered by one or more of the individual defendants.

The plaintiffs also will testify that one of the defendants intentionally defiled the kosher kitchen sink by using it to wash his hands, and that their arrest (Maria was in her nightgown), which occurred in front of most of Maria's neighbors, caused them great embarrassment and distress.

As a result of the events of September 3, 2001, Anina's existing anxiety, stress and depression have been aggravated to an extent which permanently and totally disables her from employment.

All charges brought against the plaintiff's on September 3, 2001 were dismissed by the Brookline District Court on the motions of their respective attorneys in January, 2003. In defending the charges, Maria incurred $4,000.00 in legal fees; Anina incurred $150.00 in legal fees to pay her public defender.

**DEFENDANTS:**

The defendants expect the evidence to show that on Monday, September 3, 2001, Officers Gregory Gillis and John Canney were dispatched to 61 Park Street, Apt. #4J on a report of a loud disturbance. When the officers arrived on scene, they knocked several times on the apartment door but, received no response. A neighbor, James Cotter, indicated that he had heard loud yelling and banging and items being thrown around. Officers retrieved the emergency keys to the apartment to gain access to conduct a threshold inquiry. When the officers went inside the apartment, the plaintiffs began to yell and scream at them. The officers attempted to calm down the plaintiffs who were out of control. The officers separated the plaintiffs who were yelling and pushing at each other. The plaintiff, Maria Rosenthal then picked up a shower curtain package

and threw it at her daughter. At that time, she was placed under arrest. She began to kick and bite at officers who attempted to place handcuffs on her.

The plaintiff, Anna Rasten began to push her way towards her mother and kicked an officer. She was also placed under arrest. The plaintiffs were charged with several counts of assault and battery.

The defendants deny that they violated the plaintiffs' civil rights or that they falsely imprisonment, inflicted emotional distress or maliciously prosecuted them. The defendants state that at all times they acted professionally and constitutionally and used only such force that was reasonable given the circumstances at the time of the arrests.

The defendants deny that any of the plaintiffs' alleged injuries or damages are causally related to their arrest on September 3, 2001.

4.   **STATEMENT OF STIPULATED FACTS:**

The plaintiffs, Maria Rosenthal and Anina Rasten were arrested on September 3, 2001, by officers from the Brookline Police Department and charged with several counts of assault and battery (domestic) and on a police officer.

5.   **CONTESTED ISSUES OF FACT:**

   A.   Wether there was probable cause to arrest the plaintiffs for assault and battery?

   B.   Whether the defendants assaulted and battered the plaintiffs?

   C.   Whether the defendants falsely imprisoned the plaintiffs?

   D.   Whether the defendants maliciously prosecuted the plaintiffs?
   E.   Whether the defendants violated the plaintiffs civil rights to equal protection under the law?

6.   **JURISDICTIONAL QUESTIONS:**

None.

7.   **ISSUES OF LAW:**

None at this time.

8.   **AMENDMENTS TO PLEADINGS:**

None.

9. **ADDITIONAL MATTERS:**

None.

10. **PROBABLE LENGTH OF TRIAL:**

5 days.

11. **TRIAL WITNESSES:**

   **DEFENDANTS:**

   1. Gregory Gillis, Brookline Police Department-factual witness.

      John Canney, Brookline Police Department-factual witness.
      1. Christopher Merrick, Brookline Fire Department-factual witness.
      2. James Cotter, 61 Park Street, #4, Brookline, MA 02145-factual witness.
      3. Frank Israel Smizak, 42 Russell Street, Brookline, MA 02446-factual witness.
      4. John Sullivan, Brookline Police Department-factual witness.
      5. Sgt. Campbell, Brookline Police Department-factual witness.
      6. Lt. Gropman, Brookline Police Department-factual witness.

   **PLAINTIFFS:**
   1. Maria Rosenthal, factual witness
   2. Anina Rasten, factual witness
   3. Asya Zimbov, Brookline, MA.
   4. Frank Israel Smizak, 42 Russell Street, Brookline, MA 02446.
   5. Keepers of the records, Beth Israel Hospital and other medical providers.

12. **DEPOSITION/DISCOVERY EVIDENCE TO BE OFFERED AT TRIAL:**

   None reasonably contemplated.

13. **VOIR DIRE/JURY INSTRUCTIONS:**

   Counsel for each party will file their respective voir dire and jury instructions under separate cover.

I. **MOTIONS IN LIMINE[1]:**

---

[1] Said motions are to be filed provided that the Court does not bifurcate the municipal claims from the individual claims at trial.

1.The defendants intend to file a motion to bifurcate the municipal claims from the individual claims at trial.

2.The defendants intend to file a motion in limine to exclude any evidence of alleged misconduct on the part of the individual defendants in the case against them individually

| | |
|---|---|
| The Defendants,<br>By their attorneys, | The Plaintiffs,<br>By their attorneys, |
| /S/ James W. Simpson, Jr.<br>James W. Simpson, Jr.<br>Merrick, Louison & Costello, LLC.<br>67 Batterymarch Street<br>Boston, MA 02110<br>(617) 439-0305 | /S/ Jefferson Boone,<br>Jefferson Boone, Esq.<br>Boone & Henkoff<br>311 Washington Street<br>Brighton, MA 02135<br>(617)782-8210 |