FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.04-12092-DPW

**MARIA ROSENTHAL, and**
**ANINA RASTEN**
    **Plaintiffs,**

v.

**TOWN OF BROOKLINE, OFFICER GREGORY**
**GILLIS, OFFICER JOHN CANNEY, OFFICER**
**JOHN L. SULLIVAN, FIREMAN CHRISTOPHER**
**MERRICK, JAMES COTTER, OFFICER JOHN DOE,**
    **Defendants.**

## DEFENDANT, JOHN L. SULLIVAN'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**I.      STATEMENT OF THE CASE**

This is a civil action in which the plaintiffs allege in a multi-count amended complaint federal and state civil rights violations.  The sole claims against the defendant, John L. Sullivan are brought under a theory of defamation.  The defendant now moves for a dismissal of these claims.

**II.     ARGUMENT**

   **A.     The Summary Judgment Standard**

Summary judgment is appropriate if "any pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law."  F.R.Civ.P. 56(c). In fact, the Supreme Court has held:

> ...In our review, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The First Circuit has identified what constitutes a genuine issue of material fact:

> To satisfy the criterion of trial worthiness, and thereby forestall summary judgment, an issue must be "genuine," that is, the evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open-ended to permit a rational fact finder to resolve the issue in favor of either side. National Amusement, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st. Cir. 1995).

This Court must determine if there are genuine issues of material fact. However, only disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

To defeat this motion, the plaintiffs cannot state mere conclusions or rely only on the allegations contained in the Complaint. The Supreme Court has stated that "[T]he mere existence of a scintilla of evidence in support of the plaintiff's opposition will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

Further, once the movant avers an absence of evidence to support the opposing party's claims, the opposing party "must go beyond the allegations of the complaint and present evidence significantly probative and substantial to establish the existence of an issue of fact that is both "genuine" and "material". Sheinkopf v. Stone, 927 F.2d 1259, 1261, 1262 (1st Cir. 1991); See also Feliciano v. State of Rhode Island, 160 F.3d 780,783 (1st Cir. 1998) citing, Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d at 25 (1st Cir. 1997). The nonmovant cannot simply rest upon mere allegations. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). "Trialworthiness requires not only a 'genuine' issue but also an issue that involves a 'material' fact." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is one which has the "potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990

F.2d 701, 703 (1st Cir. 1993).

The defendant need only show, that is, point out to the Court, that there is an absence of evidence to support the non-moving party's case.  <u>Celotex Corp</u>. at 325.  It is clear there is an absence of evidence to support the plaintiffs, claims and therefore said action must be dismissed.

**B.    THE PLAINTIFFS' ALLEGATIONS OF DEFAMATION IN THEIR COMPLAINT EVEN TRUE, ARE INSUFFICIENT TO STATE A CLAIM FOR DEFAMATION UNDER MASSACHUSETTS LAW**

As noted above, the plaintiff, Maria Rosenthal, in her complaint assert claims for libel, slander and intentional and negligent infliction of emotional distress (Counts XVIII, XIX, XX, and XXI) against the defendant, John L. Sullivan based on the following alleged statement[1]. "She's (Rosenthal) nuts".  Plaintiff's amended complaint ¶ 95.  This statement even if uttered, does not constitute an actionable claim for defamation under Massachusetts Law.  The First Circuit in the recent case of <u>Stanton v. Metro Corp.</u>, 438 F.3d 119 (1st Cir. 2006), ruled that statements that were too vague to constitute defamation generally fall into the category of epithets which are not actionable defamation.    <u>Stanton v. Metro Corp.</u>, 438 F.3d 119 (1st Cir. 2006).  The Court in <u>Stanton</u>, cited <u>Fleming v. Benzaquin</u>, 390 Mass. 175 (1983), which found that calling someone a "nut" is not actionable defamation but rather, ridicule and simple verbal abuse.  <u>Fleming</u> 390 Mass. at 181.  Accordingly, the plaintiff here, cannot make out a claim for defamation and any causes of action[2] arising from the alleged statement must be dismissed.

---

[1] Counsel for the defendant reviewed the 911 dispatch tape where this alleged statement occurred.  The tape clearly shows that two female civilian 911 call takers were the source of the alleged statement and not Officer Sullivan.  The 911 tape is available for review by the Court.

[2] Similarly, the plaintiff's claim for intentional or negligent infliction of emotional distress as the plaintiff cannot prove:

1.    that the actor intended to inflict emotional distress or he knew or should have known that emotional distress was

## III.  CONCLUSION

Based on the above, the defendant respectfully requests that the Court enter summary judgment in his favor and dismiss all claims against him.

Defendant, by his attorneys,

/S/ James W. Simpson, Jr.,
Douglas I. Louison   BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK & LOUISON
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

### Certificate of Service

I, James W. Simpson, Jr., do certify that on the 8th day of January 2007, I served the foregoing via e-mail on counsel for the plaintiff.

/S/ James W. Simpson, Jr.

---

the likely result of his conduct;

2.  that the conduct was "extreme and outrageous" was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community";

3.  that the actions of the defendants were the cause of the plaintiffs' distress; and

4.  that the emotional distress sustained by the plaintiffs was "severe" and of a nature "that no reasonable man could be expected to endure it".

Agis v. Howard Johnson Co., 371 Mass. 140, 355 N.E.2d 315, 318-319 (1976).