UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.04-12092-DPW

MARIA ROSENTHAL, and
ANINA RASTEN
    Plaintiffs,

v.

TOWN OF BROOKLINE, OFFICER GREGORY
GILLIS, OFFICER JOHN CANNEY, OFFICER
JOHN L. SULLIVAN, FIREMAN CHRISTOPHER
MERRICK, JAMES COTTER, OFFICER JOHN DOE,
    Defendants.

**DEFENDANTS, GREGORY GILLIS, JOHN CANNEY, AND CHRISTOPHER MERRICK'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ALL THE EVIDENCE PURSUANT TO F.R.CIV.P 50(a)**

The defendants move this Honorable Court to grant judgment in their favor as the plaintiffs have failed to produce any legally sufficient evidentiary basis for a reasonable jury to find that they would be successful as to their 42 U.S.C. Section 1983 claims, M.G.L. c. 12 §§ 11I claims and state tort claims.

**I.    STATEMENT OF THE CASE**

This is a civil action in which the plaintiffs alleged, federal and state civil rights violations. In addition, the plaintiffs assert state tort claims for malicious prosecution, assault and battery and, false arrest/false imprisonment. Specifically, the plaintiffs allege violations of their Fourth Amendment Right to be free from unreasonable searches and seizures and excessive force. Additionally, the plaintiffs allege violations of their rights actionable pursuant to the Massachusetts Declaration of Rights. (M.G.L. c. 12 § 11I). Lastly, the plaintiffs assert several

state tort claims. The defendants now move for judgment as a matter of law and a dismissal of all claims.[1]

## II. ARGUMENT

### A. THE PLAINTIFFS HAVE FAILED TO PROVE THAT THE INDIVIDUAL DEFENDANTS USED EXCESSIVE FORCE AND/OR ASSAULT OR BATTERED THEM

The plaintiffs in their case in chief have failed to prove by a fair preponderance of the evidence that individual defendants, Merrick, Gillis or Canney, used excessive force or assaulted or battered them in violation of their civil rights. Ms. Rasten when testifying, failed to identify the individual defendants as the officers/persons who allegedly beat her mother or used excessive force on her person. In fact, when asked by her counsel if any of the individuals who beat up her mother or used excessive force where present in the courtroom, Ms. Rasten did not identify the individual defendants who were clearly seated at the defense table. The only verbal response she gave was something to the effect that she remembered a "gray haired" man washing his hands in the sink. Counsel for the plaintiffs did not call the individual defendants in his case in chief nor has any additional evidence been presented by any other witness that implicates the individual defendants as the alleged perpetrators of excessive force. Similarly, Ms. Rosenthal failed to positively identify any of the defendants as the persons who allegedly beat her. She merely testified as to badge numbers. Plaintiffs' counsel made no further effort to offer evidence against the defendants that would support an assault and battery claim. As such, the plaintiffs in their case in chief have failed to meet their burden of proof and all claims alleging violations of

---

[1] The defendants' renewed motion here addresses claims identified by the Court following the jury verdict. The defendants had previously filed a motion for judgment as a matter of law as to all claims.

their civil rights based on excessive force and/or assault and battery must be dismissed.[2]

### B. State Tort Claims

#### 1. Malicious Prosecution[3]

In order to prevail on a claim of "malicious prosecution", the plaintiffs must prove: 1) that a prosecution was commenced against them; 2) that it was instituted or instigated by the defendants; 3) that is was malicious; 4) that it has been legally and finally terminated in the plaintiffs' favor; 5) that it was without probable cause; and 6) that it caused the plaintiffs damage. Wynn v. Rosen, 391 Mass. 797 (1984); Correllas v. Viveiros, 572 N.E. 2d. 7, 10 (Mass. 1991).

Massachusetts now follows the majority rule that "criminal prosecution is terminated in favor of the plaintiff when the district attorney formally abandons the criminal proceedings by a nolle prosequi or a motion to dismiss." Wynn, 391 Mass. at 800. A criminal prosecution terminated by nolle prosequi on the basis of a procedural or technical defect will not suffice as a favorable termination." Wynn, 391 Mass. at 801.

In the First Circuit as well as Massachusetts, an arrestee may not bring claim based for malicious prosecution based on an warrantless arrest because an arrest does not constitute an "initiation of proceedings against them." Meehan v. Town of Plymouth, 167 F.3d 85 (1999); Nieves v. McSweeney, 241 F.3d 46 (2001); Felix v. Lugas, 2004 WL 1775996 (D.Mass). Under Massachusetts law, the mere application for a criminal complaint, without issuance of the complaint is insufficient to support a cause of action for malicious prosecution. Fletcher v.

---

[2]The jury ultimately found in favor of the defendants on these claims.

[3]Again, firefighter Merrick, did not initiate process against the plaintiffs.

Wagner, 221 F.Supp.2d 153, 154 (D.Mass. 2002).

In the present case, the plaintiffs have failed to sustain their first burden that 1) there was institution of criminal process against them by the defendants. The defendant officers merely arrested the plaintiffs. The criminal docket sheets containing the application for complaint and criminal complaints were not sought by the defendants. The complainant on each criminal complaint against the plaintiffs was Gerald McGrath. Accordingly, the plaintiffs have failed to meet their burden of establishing the first element[4] for a claim for malicious prosecution.[5]

### III. CONCLUSION

Based on the above arguments, the defendants respectfully move this Honorable Court to grant judgment in their favor as the plaintiffs have failed to produce any legally sufficient evidentiary basis for a reasonable jury to find that they would be successful as to their 42 U.S.C. Section 1983 and M.G.L. c. 12 §§ 11H and I claims or state tort claims.

---

[4] The defendants also rely on their previously filed motion for judgment as a matter of law as to the remaining elements for the tort of malicious prosecution.

[5] The court has raised the issue of Lt. Merrick's testimony that Maria Rosenthal may have accidentally kicked him during the struggle. Without reviewing the trial transcript of the exact quote, the defendants suggest that even if true, it would not negate probable cause to arrest the plaintiff at the time of the arrest. There was no evidence before the jury that Lt. Merrick informed the officers at the time of the arrest and subsequent prosecution of that fact. As the Court is aware, the Fourth Amendment guaranty against unreasonable searches of the person, requires that arrests be based on probable cause.... The "probable cause analysis entails 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' and not an assessment of the officer's state of mind at the time the challenged action was taken'...Probable cause will be    found if 'the facts and circumstances within [the officer's] knowledge and of which    [he] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [plaintiff] had committed or was committing an offense. Sheehy v. Town of Plymouth, 191 F.3d. 15 (1st Cir. 1999); Fletcher v. Town of Clinton, 196 F.3d 41, 53 (1st Cir. 1999).

The defendants,
By their attorneys,

/S/ James W. Simpson, Jr.
Douglas I. Louison BBO#545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305